IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MAMADOU M GUEYE, | : | |
| Petitioner, | : | |
| v. | : | CASE NO. 7:14-CV-204-HL-MSH |
| | : | 28 U.S.C. § 2241 |
| BILL GRAY, *et al.*, | : | |
| Respondents. | : | |

## RECOMMENDATION OF DISMISSAL

Presently pending before the Court is Respondents' Motion to Dismiss, filed on February 2, 2015. (ECF No. 8.) Petitioner did not respond to the motion to dismiss. In his application for habeas relief pursuant to 28 U.S.C. § 2241, Petitioner was challenging the legality of his continued detention by the Immigration and Customs Enforcement agency. Pet. for Writ of Habeas Corpus 4-7, ECF No. 1. Along with the Motion to Dismiss, Respondents filed a copy of the Order of Supervision showing that Petitioner was released on supervised release on January 30, 2015. Mot. to Dismiss Ex. A, ECF No. 8-1. Because of Petitioner's release, Respondents now contend that Petitioner's pending § 2241 petition is moot and should be dismissed as such. Mot. to Dismiss 2-3. The Court agrees and recommends dismissal of this case as moot.

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (internal quotation marks and citation omitted). "If events that occur

subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336.

Here, Petitioner sought an order granting him a writ of habeas corpus and release from custody. Pet. for Writ of Habeas Corpus 8. Petitioner has been released from the physical custody of ICE. Mot. to Dismiss Ex. A. Furthermore, Petitioner is not contesting the conditions of his supervised release such that this Court could maintain jurisdiction over his habeas petition. *See Alvarez v. Holder*, 454 F. App'x 769 (11th Cir. 2011); *see also* Mot. to Dismiss Ex. A. Since the Court can no longer give the Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336.

Consequently, it is recommended that Respondents' Motion to Dismiss (ECF No. 8) be granted and Petitioner's Application for writ of habeas corpus be dismissed without prejudice to his right to file a new § 2241 petition in the future if a change in his circumstances occurs. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a

report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 3rd day of March, 2015.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE